UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Martha Mullen

   v.                                                                      Case No. 19-cv-1292-SM

Edward J. Kissell Jr.

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff Martha Mullen's complaint (Doc. No. 1) and complaint addenda (Doc. Nos. 2, 4-6, 8-13), seeking relief from decisions made in divorce and child custody proceedings between Mullen and the defendant, Mullen's ex-husband Edward J. Kissell Jr., by the New Hampshire Circuit Court, Sixth Circuit-Family Division-Concord ("Concord Family Court"), and the New Hampshire Supreme Court ("NHSC"). Because Mullen is proceeding pro se and in forma pauperis, this matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Background**

Mullen and Kissell litigated the terms of their divorce and of the custody of their two children in In re Kissell, No. 629-2012-DM-00596, in Concord Family Court, and in the NHSC, in In re Kissell, No. 2014-0825, 2016 WL 3465675, at *1 (N.H. Mar. 16, 2016). The record indicates that, after the state courts

entered judgment in the divorce and custody case, the parties continued to file documents in the Concord Family Court and NHSC in those cases. The filings in this case do not make clear the current status of those matters, specifically, whether there is any continuing litigation concerning the parties' custody and parenting of their children or concerning the financial relationship between the parties. Mullen has brought this suit challenging the results of those state court proceedings and/or seeking reconsideration of rulings made in the state courts.

**Preliminary Review Standard**

This court conducts a preliminary review of complaints filed in forma pauperis. See LR 4.3(d)(2); 28 U.S.C. § 1915(e). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court may dismiss some or all of the claims in such a complaint if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**Discussion**

I.  Federal Claims

    A.  Fourteenth Amendment Claim

Mullen alleges that the defendant, her ex-husband, violated her Fourteenth Amendment right or protected liberty interest in parenting her minor children.  With certain exceptions not applicable here, private actors cannot be held liable for violations of an individual's federal constitutional rights, and 42 U.S.C. § 1983 does not provide a cause of action for purely private conduct that is alleged to have an impact on a plaintiff's federal constitutional rights.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cty. v. Dodson, 454 U.S. 312 (1981)).  The complaint contains no factual assertions suggesting that her ex-husband took any action under color of state law or may otherwise be treated as a state actor, for purposes of finding him potentially liable for an alleged violation of Mullen's federal rights.  Accordingly, the district judge should dismiss Mullen's claim that her ex-husband violated her parental rights.

    B.  Criminal Conduct

Mullen asserts that "[t]he federal court system may get involved in criminal acts from the family division . . .."  Doc. No. 2, at 1.  Mullen cannot state a private cause of action

3

based on the defendant's alleged criminal conduct, however, as "[p]rivate citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advert'd Price Antitr. Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (internal quotation marks and alterations omitted). Because this assertion does not provide a basis for relief in this action, the district judge should dismiss Mullen's claims based on the defendant's alleged criminal conduct.

II.   State Law Claims

All of Mullen's remaining claims are challenges to the decisions made in the state courts in her divorce and custody cases. Mullen has failed to state any cognizable federal claim in this action arising out of those matters, and she has also failed to assert the facts necessary to invoke this court's original, diversity jurisdiction over such state law claims under 28 U.S.C. § 1332(a)(1), as she has affirmatively alleged that she and her ex-husband are both New Hampshire residents.

To the extent Mullen has asserted any actionable claim arising under state law to challenge the decisions made in the state courts in her divorce and child custody cases, this court should decline to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c)(3). The district judge should

dismiss those state law claims without prejudice to Mullen's ability to file a new action in the state courts or otherwise litigate those state law claims in a court of competent jurisdiction.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint in its entirety for failure to state a federal claim upon which relief may be granted, without prejudice to the plaintiff's ability to assert her state law claims in a state court of competent jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 24, 2020

cc: Martha Mullen, pro se

5